Hutchinson v. Exton.

ROBERT C. HUTCHINSON, appellant,

*v.*

SARA EXTON et al., respondents.

In case of a gift by a testator of all his real and personal estate to an executor and trustee, with power to convert the personal estate into money, and if there be any surplus after making certain appropriations of the interest and income, to pay and divide the balance of such income amongst the testator's children at the discretion of the trustee, and in case any child should die leaving children, such children collectively to take the parent's share; and with a like power to sell and convey any of the real estate, and, at the death of the executor and trustee, directing the whole estate, real and personal, to be equally divided amongst his six children, and in case of the death of any child leaving children, such children to take collectively the parent's share. Upon the death of the trustee, one child having died after the death of the testator and in the lifetime of the trustee, leaving a husband and one child her surviving, such child being the person indicated as donee at the period of distribution, takes the whole estate, real and personal, by way of substitution under the will of the testator, and the husband takes nothing as administrator of his deceased wife or as her next of kin; nor is he entitled to any interest as tenant by the curtesy, since the wife died during the continuance of the particular estate, never having been seized of the remainder in fee. Upon the death of the trustee and tenant for life, the child of the deceased wife became entitled, not as heir to her mother, but as devisee under the will of her grandfather.

On bill for partition and accounting.

On appeal from an order advised by Vice-Chancellor Bird, in *Exton* v. *Hutchinson,* who delivered the following opinion :

The questions presented arise on exceptions to the master's report made in pursuance of an order upon a bill filed to ascertain and settle the rights and interests of legatees and devisees under the last will of Adam Exton, deceased, who, at the time of his death, was possessed of a large amount of real and personal estate. By the sixth clause of his will he gave to his wife all his interests in his real and personal estate, which he was entitled to in a certain copartnership, and all other his real and per-

sonal estate, in trust, securing to his wife an income of $3,000, and enough to preserve the estate in proper condition, and to divide the balance of the income between his children, with power to withhold any share and to pay the same according to her judgment, with power to sell or mortgage any of the real estate, or to sell any of his personal estate, excepting only certain stock—

"The proceeds of such sales might be by her reinvested in any good and sufficient form, or she might be at liberty to divide the said proceeds or any portion thereof among my said children, share and share alike, the issue of any deceased child taking collectively the share of such parent."

The seventh and controlling clause is as follows :

"Whatever of said property may remain at the death of my said wife, of real or personal, or of principal or of interest, or of both undistributed or unsold by her, shall be divided between my said six daughters, share and share alike, the issue of any deceased child taking collectively the share of the parent."

Adam Exton, the testator, died on the 17th day of August, 1887, leaving six children him surviving. Eleanor Hutchinson, one of said children, died on the 6th day of October, 1888, leaving her husband and one child (Ida) her surviving. Elizabeth, the widow, died on the 22d day of March, 1894. The master reports that the five surviving daughters are each entitled to the equal undivided one-sixth part of the whole of said estate, and that Robert C. Hutchinson, administrator of Eleanor E. Hutchinson, is entitled to one equal undivided sixth part of said personal property, and said Ida E. Hutchinson is seized in fee of one equal undivided sixth of the said real estate, subject to the said right of curtesy of the said Robert C. Hutchinson therein. The said defendant, Robert C. Hutchinson, is entitled to his curtesy in the said equal undivided sixth part of said real estate of which the said Ida E. Hutchinson is seized as aforesaid.

The said Robert Hutchinson, who is administrator of the said Eleanor, was her husband.

I think that Robert C. Hutchinson is not entitled to any of

**44**

the personal estate as administrator or otherwise, nor to any interest in the real estate as tenant by the curtesy.

First, as to the personal estate. The title to this is given absolutely to the widow, as trustee, during her lifetime, except only so much of the income as may be in excess of $3,000, which excess she may distribute amongst the six daughters of the testator; or in case of the death of any daughter, leaving children, such children collectively take the parent's share. Nothing whatever of the principal of this personal estate is in any manner given to the children of the testator during the lifetime of his widow, who is trustee. Therefore, at the death of Mrs. Hutchinson she had no right or title whatsoever in any of the principal of her father's ersonal estate. No part of this could her husband, either as next of kin or as administrator, possibly lay claim to before the death of the widow, who held the title by express directions.

At the death of the trustee came also the period of the distribution of the estate according to law. Each child then living was entitled to an equal share of the personal estate, and in case of the death of any, leaving children, such children were entitled collectively to the share the parent would have taken if living. Here, then, at the period of distribution express provision is made for the persons who are to take. In case of the death of any child, leaving children, such children are substituted in the place of the parent. I think this case is clearly governed by that of *Crane* v. *Bolles, 4 Dick. Ch. Rep. 378; Dawson* v. *Schaffer, 30 Atl. Rep. 91,* affirmed at the last term of the court of errors; *Wood* v. *Bullard, 25 N. E. Rep. 67.* This being so, the exceptions to the master's report should be sustained.

The qualifications or conditions of the wife's interest in lands necessary to give rise to a tenancy by the curtesy are not presented in this case.

*Bouv. L. Dict. p. 478* says:

"An estate by the curtesy is an estate for life, created by act of law, which is defined as follows: When a man marries a woman, seized at any time during the coverture of an estate of inheritance, in severalty, in coparcenary or in common and has issue by her born alive, and which might by possibility inherit

the same estate as heir to the wife, and the wife dies in the lifetime of the husband, he holds the lands during his life by the curtesy of England." *4 Kent. Com. 27.*

The second condition in this definition is that of seizin. The wife must be seized of an estate of inheritance. According to the English rule it must be a seizin in deed.

I understand the rule in this country to be that the husband is entitled to his curtesy in lands in which the wife at any time had the right of immediate possession, as in case the wife is entitled to a remainder in fee, and the tenant for life should die on the first day of the month, the wife, though dying immediately thereafter, her seizin would be such as to enable the surviving husband to claim curtesy, either a co-tenant or lessee being in actual possession. Mr. Kent says that the law vests the estate in the husband immediately upon the death of the wife, without entry. *4 Kent Com. \*29; 1 Washb. Real Prop. (4th ed.) 174.* In this case the title to the real estate, as well as to the personal, was absolutely vested in the trustee during her life. It is very clear that no title whatsoever vested in any of the children of the testator during the lifetime of the trustee. The trustee not only had the power of selling and giving title, but the title itself. It is true it may be said that each child had a contingent interest dependent wholly upon surviving the tenant for life, in case the tenant for life did not, under the power to sell, execute such power. Hence the enjoyment of seizin of the fee was dependent upon the children surviving the tenant for life, and also upon the failure of the tenant for life executing the power to sell committed to her.

This condition of survivorship necessary to the seizin of the fee, contemplated by the law, did not arise in the case of Mrs. Hutchinson, she having died previous to the death of the tenant for life. No estate of inheritance having come to her, she never was seized of any right of possession of any estate whatsoever, either legal or equitable. Consequently, she comes not within any definition providing for the right of tenancy by the curtesy. *2 Black. Com. 126, 127; Co. Litt. 29 b; 8 Co. 34.* In the Johnson edition of *2 Bac. Abr. (1868) p. 13,* the principle is thus

plainly exprèssed: "The estate and seizin of the wife ought to begin some time during the coverture, so the words of the law import." It was expressly decided in *Somer* v. *Partridge, 2 Atk. 47,* that "tenancy by the curtesy must come out of the inheritance and not out of the freehold. A tenancy by the curtesy is a continuation of the inheritance in the husband. There can be no tenancy by the curtesy where the children take by virtue of a remainder over and not by descent from their mother. To entitle the husband to be tenant by the curtesy the inheritance must descend upon the children." In *Barker* v. *Barker, 2 Sim. 250,* it was decided "a devise to A and her heirs; but if she died leaving issue, then to such issue and their heirs. A died leaving issue. *Held,* that her husband was not entitled to be tenant by the curtesy." In *Stead* v. *Platt, 18 Beav. 50,* it was decided that "there is no estate by the curtesy issuing out of an estate *pur autre vie.* The seizin of the wife must be an actual seizin or possession of the lands; not a bare right to possession which is a seizen in law but an actual possession which is a seizin in deed. And therefore a man shall not be tenant by the curtesy of a remainder or reversion." *2 Black. Com. 127; Gibbon* v. *Eyden, 7 L. R. Eq. Cas. 371; 38 Law Jour. Ch. 377.*

In considering this question in the case of *Hearle* v. *Greenback, 3 Atk. 695, 716,* Lord-Chancellor Hardwicke said: "But considering what is necessary to make a tenant by the curtesy; the wife must have the inheritance, and there must be likewise a seizin in deed in the wife during coverture." As to this seizin in *deed* referred to in the English law, I think that the rule laid down by Chancellor Kent, as above quoted, is to be regarded as controlling in this country.

*4 Kent Com. 29* says:

"The wife according to the English law must have been seized in fact and in deed and not merely of a seizen in law of an estate of inheritance, to entitle the husband to his curtesy. The possession of the lessee for years is the possession of the wife as reversioner; but if there be an outstanding estate for life, the husband cannot be tenant by the curtesy of the wife's estate in reversion or remainder, unless the particular estate be ended during the coverture. This is still the general rule at law, though in equity the letter of it has been relaxed by a free and liberal construction. The circumstances of this

Price v. Forrest.

country have justly required some qualifications of the strict letter of the rule relative to a seizin in fact by the wife; and if she be owner of waste uncultivated land, not held adversely, she is deemed seized in fact so as to entitle her husband to his right of curtesy."

*1 Washb. Real Prop. (4th ed) 163, 165, 173.*

This view sustains the further exceptions  I will advise accordingly, with costs.

Mr. *Garret D. W. Vroom,* for the appellant.

Mr. *Barton B. Hutchinson,* for the respondents.

PER CURIAM.

Order affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SMITH, TALMAN—11.

*For reversal*—None.